IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLON D. WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-1605 (MN) ) |
| MARK RICHMAN, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Marlon D. Washington, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se* Plaintiff.

April 24, 2019
Wilmington, Delaware


**NOREIKA, U.S. District Judge:**

Plaintiff Marlon D. Washington ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). He also requests counsel. (D.I. 4). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## I.  BACKGROUND

Plaintiff was diagnosed with epilepsy after he suffered serious head trauma. Upon his incarceration, he was processed and interviewed by the VCC medical staff on August 3, 2011. At that time, he informed them of his epilepsy diagnosis and that a physician had prescribed medication for the condition. The medical staff determined that Plaintiff should continue to receive the medication and immediately issued him a daily regimen of the prescribed medications.

On May 1, 2012, Defendant Jones ("Jones"), a contract medical provider, determined that Plaintiff did not need the medication without examining Plaintiff or referring him to a physician before terminating the medication. Before he left medical, Plaintiff complained to Defendant Rodgers ("Rodgers"), the head medical provider, who agreed with Jones that Plaintiff did not need the medication. The next day, May 2, 2012, Plaintiff suffered a grand mal seizure.

Plaintiff continued to suffer grand mal seizures and other related symptoms and, on December 29, 2014, the necessary medication was reinstated. In April 2015, Plaintiff was sent to an outside neurologist for the seizures and symptoms he had been suffering. The neurologist

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

determined that Plaintiff should take 750 mg of Keppra, an antiepileptic drug, twice daily. *See* https://www.rxlist.com/keppra-drug.htm (last visited April 22, 2019).

When Plaintiff returned to the VCC, Defendant Lyneh Ray ("Ray") prescribed him 1500 mg of Keppra, twice daily. When Plaintiff began taking the 1500 mg twice daily, he began experiencing severe headaches, slurred speech, blurred vision, sluggishness, and clumsiness. Plaintiff submitted sick call slips and grievances complaining of his symptoms. Nineteen months later (*i.e.*, November 2016), Plaintiff was again seen by the outside neurologist who found that Plaintiff had been receiving an incorrect dose of Keppra. The neurologist again prescribed 750 mg of Keppra, twice daily. Plaintiff alleges that he continues to suffer repercussions from being over medicated.

The claims raised are that: (1) Jones, Rodgers, and Ray were deliberately indifferent to Plaintiff's serious medical needs when they refused to provide him the prescribed medication in violation of the Eighth Amendment; (2) Defendant Connections Community Support Programs ("Connections") has a policy of restricting or denying follow-up up care by a physician and Jones, Rodgers, and Ray followed Connections' policy when they denied Plaintiff any follow-up care; and (3) Connections failed to take steps to ensure that Plaintiff received the needed treatment. The Complaint also names as defendants Chief of the Bureau of Correctional Health Care Services Mark Richman ("Richman"), VCC Warden Dana Metzger ("Metzger"), and Warden Pierce ("Pierce"), although there are no factual allegations raised against them.

For relief, Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240

(3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S. Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief.

*See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. *Respondeat Superior*/Personal Involvement

Named defendants include Richman, Metzger, and Pierce, all of whom are supervisory officials. Pierce is named only in the caption of the Complaint. Richman and Metzger are described in the "Parties" section of the Complaint. There are no allegations directed towards these supervisory officials.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. That is to say, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Hence, *respondeat superior* cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the

5

constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

Even when liberally construing Plaintiff's Complaint, here, it fails to allege facts that, if proven, would show personal involvement by Richman, Pierce, or Metzger. Nor are there allegations that the foregoing Defendants personally directed or knew of and acquiesced in any alleged constitutional violation. *See Evancho v. Fisher*, 423 F.3d at 353-54. Absent any allegation of personal involvement, Plaintiff's § 1983 claims against Richman, Pierce, and Metzger cannot stand. The claims against them are frivolous and they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.     Statute of Limitations**

The complaint speaks to actions or inactions taken by medical staff, including Jones and Rodgers, from August 3, 2011 through April 2015. While not clearly stated, it also seems that Plaintiff implicates Connections during the same time-frame. All claims raised during this period are time-barred.

Plaintiff's claims are raised pursuant to 42 U.S.C. § 1983. For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions and are subject to a two year limitation period. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *see* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

In his Complaint, Plaintiff complains of actions or inactions that occurred between August 3, 2011 and April 2015, yet Plaintiff did not file his Complaint until October 17, 2018. It is evident from the face of the Complaint that the claims that occurred prior to October 16, 2016 are barred by the two-year statute of limitations, having been filed more than a year after the expiration of the two-year limitation period. There are no allegations raised against Rodgers and Jones other than those that are time-barred. In addition, some of the claims against Ray occurred prior to October 16, 2016. Accordingly, the Court will dismiss Rodgers and Jones as Defendants and will dismiss all claims against Ray and Connections that occurred prior to October 16, 2016 as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Medical Needs

Plaintiff alleges that in April 2015 an outside neurologist prescribed 750 mg of medication, twice daily, but upon his return to the VCC, Ray prescribed him a higher dose – 1500 mg of medication, twice daily. When Plaintiff returned to see the neurologist physician in November 2016, the neurologist found that Plaintiff had been given the wrong dose of the

medication. While not clear, it appears that Plaintiff now receives the correct dosage. He alleges, however, that he "is still suffering repercussion from being over-medicated." (D.I. 3 at 4).

Plaintiff brings this action pursuant to § 1983. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994). Allegations of medical malpractice, however, are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

The allegations against Ray fail to sufficiently state a claim for deliberate indifference to a serious medical need. They do not allege facts from which an inference could be drawn regarding a substantial risk of harm or that Ray was aware that he was providing the wrong medication dosage. At most, Plaintiff's claim that Ray gave him improper dosages amounts to negligence which is insufficient to constitute an Eighth Amendment violation. Therefore, the claim against Ray will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Because the Complaint does not allege that Ray violated Plaintiff's constitutional rights under the Eighth Amendment, Connections cannot be liable based on the theory that it established or maintained an unconstitutional policy or custom responsible for violating Plaintiff's rights. *See Goodrich v. Clinton Cty. Prison*, 214 F. App'x 105, 113 (3d Cir. 2007) (policy makers not liable in prison medical staff's alleged deliberate indifference to prisoner's serious medical needs, where, given that there was no underlying violation of prisoner's rights, policy makers did not establish or maintain an unconstitutional policy or custom responsible for violating prisoner's rights). As a result, the claim against Connections will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

It appears plausible, however, that Plaintiff may be able to articulate a claim against Ray and/or Connections, and thus he will be given an opportunity to amend his pleading only as to the claims that are not time-barred – claims arising within two years of the filing of his complaint. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. REQUEST FOR COUNSEL

Plaintiff moves for counsel on the grounds that he is unable to afford counsel, he proceeds *in forma pauperis*, his imprisonment greatly limits his ability to litigate, the issues are complex and will requires significant research and investigation, he has limited law library access and limited knowledge of the law, a trial may involve conflicting testimony, counsel would better enable Plaintiff to present evidence and cross-examine witnesses, and he has made repeated efforts to obtain a lawyer. (D.I. 4).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate under certain circumstances, however, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. And, at present, there is no operative pleading. Therefore, the Court will deny Plaintiff's request for

---

2     *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

counsel without prejudice to renew. Should the need for counsel arise later, Plaintiff may seek one at that time.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will: (1) dismiss Defendants Richman, Pierce, Metzger, Rodgers, and Jones and all claims against them as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1); (2) dismiss as time-barred claims that occurred from August 3, 2011 through October 16, 2016 as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1); (3) dismiss the medical needs claims raised against Ray and Connections for failure to state claims upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1); (4) give Plaintiff leave to amend the medical needs claims raised against Ray and Connections that are not time-barred; (5) and deny without prejudice to renew Plaintiff's request for counsel. (D.I. 4).

An appropriate Order will be entered.