IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLON D. WASHINGTON, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) C.A. No. 18-1605 (MN) ) |
| LYNEH RAY, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Marlon D. Washington, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

July 8, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Marlon D. Washington ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court reviewed and screened the original complaint, dismissed it, and gave Plaintiff leave to amend against Defendants Lyneh Ray ("Ray") and Connections Community Support Programs ("Connections"). (D.I. 15, 16). Plaintiff filed an Amended Complaint on May 22, 2019. (D.I. 17). The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

With the exception of omitted time-barred allegations, the allegations in the Amended Complaint are very similar to those in the original Complaint. (Compare D.I. 3 to D.I. 17). Plaintiff alleges that in April 2015, he was sent to an outside neurologist for seizures and symptoms he had been suffering. The neurologist determined that Plaintiff should take 750 mg of Keppra, an antiepileptic drug, twice daily. *See* https://www.rxlist.com/keppra-drug.htm (last visited April 22, 2019).

When Plaintiff returned to the VCC, Ray prescribed him 1500 mg of Keppra, twice daily. When Plaintiff began taking the 1500 mg twice daily, he began experiencing severe headaches, slurred speech, blurred vision, sluggishness, and clumsiness. Plaintiff was scheduled for a follow-

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

up with the neurologist and submitted sick call slips and grievances complaining of his symptoms until September 2018. Plaintiff was seen by the outside neurologist who found that Ray had been giving Plaintiff an incorrect dose of Keppra. The neurologist prescribed 750 mg of Keppra, twice daily. Plaintiff alleges that he continues to suffer repercussions from being over medicated. Plaintiff alleges that as of May 21, 2019, he has not been taken to see an outside neurologist for a follow-up visit.

Plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment. For relief, Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

3

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. <u>DISCUSSION</u>

The Amended Complaint did not cure Plaintiff's pleading defects. Plaintiff alleges that in April 2015 an outside neurologist prescribed 750 mg of medication, twice daily, but upon his return to the JTVCC, Ray prescribed him a higher dose – 1500 mg of medication, twice daily. When Plaintiff returned to see the neurologist, the neurologist found that Plaintiff had been given the wrong dose of the medication. While not clear, it appears that Plaintiff now receives the correct dosage. He alleges the "is still suffering repercussion from being over-medicated." (D.I. 17 at 2).

Plaintiff the brings this action as a § 1983. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994). However, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

Similar to the original Complaint, the Amended Complaint, the allegations against Ray fail to sufficiently state a claim for deliberate indifference to a serious medical need. They do not allege facts from which an inference could be drawn regarding a substantial risk of harm or that Ray was aware that she was providing the wrong medication dosage. At most, Plaintiff claims that Ray gave him improper dosages amounts to negligence which is insufficient to constitute an Eighth Amendment violation. Therefore, the claim against Ray will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Because the Complaint does not allege that Ray violated Plaintiff's constitutional rights under the Eighth Amendment, Connections cannot be liable based on the theory that it established

or maintained an unconstitutional policy or custom responsible for violating Plaintiff's rights. *See Goodrich v. Clinton Cty. Prison*, 214 F. App'x 105, 113 (3d Cir. 2007) (policy makers not liable in prison medical staff's alleged deliberate indifference to prisoner's serious medical needs, where, given that there was no underlying violation of prisoner's rights, policy makers did not establish or maintain an unconstitutional policy or custom responsible for violating prisoner's rights). As a result, the claim against Connections will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff was provided an opportunity to amend to cure his pleading defects, yet he failed to do so. Because Plaintiff did not to remedy the defects in his Complaint, despite notice and his familiarity with the pleading requirements, granting him another opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d at 108 and *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds further amendment futile.

An appropriate Order will be entered.